UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFREY ALLEN ROWE,        )
                           )
        Plaintiff,          )
                           )
    v.                      )    CAUSE NO. 3:10-CV-0249 WL
                           )
HOWARD MORTON, *et al.*,    )
                           )
        Defendants.         )

OPINION AND ORDER

Jeffrey Allen Rowe, a prisoner confined at the Indiana State Prison ("ISP"), submitted a civil complaint alleging that ISP officials were deliberately indifferent to his safety, resulting in his being assaulted by another inmate and placing him in future danger of further assaults. He also submitted a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915. A prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. In *George v. Smith,* the court noted that the district court had assumed that a single non-frivolous claim in a blunderbuss complaint makes the suit as a whole non-frivolous," thus avoiding a strike. *George v. Smith*, 507 F.3d at 607. In *Boriboune*, the court noted that "when any claim in a complaint or appeal is

'frivolous, malicious, or fails to state a claim upon which relief can be granted,' all plaintiffs incur strikes." *Boriboune v. Berge*, 391 F.3d 852, 855. In *George*, the plaintiff was allowed to proceed on some claims while other claims were dismissed. The Seventh Circuit held that "George thus incurs two strikes in this litigation — one for filing a complaint containing a frivolous claim, another for an appeal raising at least one frivolous objection to the district court's ruling." *George v. Smith*, 507 F.3d at 608.

The records of this court and the United States District Court for the Southern District of Indiana establish that Rowe has accumulated three strikes:

> (1) *Jeffrey A. Rowe v. Cecil Davis, et al.*, 3:05-CV-114 AS, several claims and defendants dismissed pursuant to 28 U.S.C. § 1915A on June 16, 2005;
>
> (2) *Jeffrey Allen Rowe v. Rob Marshall, et al.*, 1:04-CV-1711 SEB, Southern District of Indiana, several claims and defendants dismissed pursuant to 28 U.S.C. § 1915A on January 3, 2005;
>
> (3) *Jeffrey Allen Rowe v. Mr. Malroney, et al,*, 2:03cv311 JDT, Southern District of Indiana, dismissed pursuant to 28 U.S.C. § 1915A on December 19, 2003.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). "In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the 'threat or prison conditions [must be] real and proximate.' Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), *citing Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). When inmates "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330, citing

2

*Abdul-Akbar v. McKelvie*, 239 F.3d 307 ( 3rd Cir. 2001) (being sprayed with pepper spray once does not constitute imminent danger) and *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger). Because Rowe has accumulated three strikes, this court will review the claims presented in his amended complaint pursuant to § 1915(g) before reviewing them under § 1915A.

Rowe asserts that he is in imminent danger of serious physical injury because he is in threatened by gangs at the prison, including the Gangster Disciples, Latin Kings, and Aryan Brotherhood. He asserts that he asked for protective custody but that the defendants denied him protective custody status. Shortly afterwards, a member of the Latin Kings threw boiling hot water into his cell, giving him painful first degree burns. (DE 1 at 4). Rowe alleges that he remains at risk of being attacked and injured, but that even after he informed the defendants of the attack on him and "asked them to move him to Protective Custody" (DE 5) "[t]he Defendants did not investigate Plaintiff's claims, they did not respond to his communications, and they failed to take any other reasonable actions to protect the Plaintiff from any further assaults." (*Id.*). These allegations are sufficient to state a claim that Rowe is under imminent danger of serious physical injury, and the court will grant him leave to proceed *in forma pauperis* in a separate order.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

Prison and jail officials "have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. at 833, *quoting Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988). Deliberate indifference in such circumstances is defined as "criminal recklessness," *Id*, 511 U.S. at 839-840. An "official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* 511 U.S. at 847.

Deliberate indifference is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992), *citing McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. at 836. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v.*

*Franzen*, 780 F.2d 645, 653 (7th Cir.), *cert. denied*, 479 U.S. 816 (1986); *see Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994); *Duane v. Lane*, 959 F.2d at 677. This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d at 347; *King v. Fairman*, 997 F.2d 259, 262 (7th Cir. 1993).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Rowe's allegations against the defendants are sufficient to state an Eighth Amendment claim upon which relief can be granted.

For the foregoing reasons, the court:

(1) Pursuant to 28 U.S.C. § 1915(g), finds that the plaintiff has sufficiently pled that he may be in imminent danger of serious physical harm on his claim that he is being denied protection from inmates who pose a threat to his safety Accordingly, the court will grant the plaintiff leave to proceed *n forma pauperis* pursuant to 28 U.S.C. § 1915(b) in a separate order;

(2) Pursuant to 28 U.S.C. § 1915A, concludes that the plaintiff's claim that he is being denied protection from inmates who pose a threat to his safety states a claim upon which relief can be granted, and GRANTS him leave to proceed against Howard Morton and Pamela Banes in their personal capacities for damages and in their official capacities for injunctive relief on his claim that he has been and is being denied protection from

inmates who pose a threat to his safety;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on Howard Morton and Pamela Banes on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and amended complaint.

SO ORDERED.

DATED: July  7 , 2010

 **s/William C. Lee**
William C.  Lee, Judge
United States District Court