UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEFFREY ALLEN ROWE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:10-CV-0249 WL |
| HOWARD MORTON, *et al.*, | ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

While Jeffrey Allen Rowe, was confined as a prisoner at the Indiana State Prison ("ISP"), he submitted a civil complaint alleging that ISP officials Howard Morton and Pamela Banes were deliberately indifferent to his safety, resulting in his being assaulted by another inmate. He also submitted a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915. Because it appeared that Rowe had accumulated three strikes within the meaning of 28 U.S.C. § 1915(g), the Court granted him leave to proceed *in forma pauperis* only because he pled that he was in imminent danger of serious physical harm on his claim that he was being denied protection from inmates who posed a threat to his safety.

Rowe has now been transferred to the Pendleton Correctional Facility, and the Defendants have moved to reconsider the order granting his request to proceed *in forma pauperis* because he is no longer in imminent danger of injury at the ISP. The Court stayed proceedings until this question was resolved. This matter is now before the Court on the Defendants' motion to reconsider the Plaintiff's *in forma pauperis* status, the Plaintiff's

motion in opposition to the Defendant's motion to reconsider his *pauper* status, and the Plaintiff's motion to lift the stay entered in this case.

In their motion to reconsider the Plaintiff's *pauper* status, the Defendants argue that because Rowe is no longer at the Indiana State Prison he is no longer in imminent danger of harm, and therefore should not be able to continue to proceed under the imminent danger exception to 28 U.S.C. 1915. When the Court considered Rowe's motion to proceed *in forma pauperis*, district courts in this circuit were assessing "*George*" strikes, based *George v. Smith,* 507 F.3d 605 (7th Cir. 2007). In *George*, the plaintiff was allowed to proceed on some claims while other claims were dismissed. The Seventh Circuit stated that "George thus incurs two strikes in this litigation — one for filing a complaint containing a frivolous claim, another for an appeal raising at least one frivolous objection to the district court's ruling." *Id.* at 608. Two of the three strikes assessed in this case against Rowe were *George* strikes based on the dismissal of some, but not all, of the claims he presented in past complaints.

In *Gregory v. Turley*, 625 F.3d 1005 (7h Cir. 2010), the Seventh Circuit revisited the concept of *George* strikes in a case brought by an Illinois prisoner, and held that § 1915(g) "assigns a strike for the dismissal of an 'action' and not a 'claim.'" *Id.* at 1012. The Court stated that "[o]ur holding today clarifies that a strike is incurred under § 1915(g) when an inmate's case is dismissed *in its entirety* based on the grounds listed in § 1915(g)." *Id.* (Emphasis in original). The Seventh Circuit concluded that two of the three strikes against Turley were "not strikes" because "[i]n each, the district court dismissed some claims for

failure to state a claim, but the remaining claims were resolved on the merits. (*Id.* at 1012-13). Based on *Gregory v. Turley*, Rowe has not accumulated three valid strikes, therefore the Court must deny the Defendant's motion to reconsider Rowe's *informa pauperis* status and require him to pay the filing fee in full in order to continue to proceed with this action.

For the foregoing reasons, the court DENIES the Defendants' motion for reconsideration of the Court's order allowing the Plaintiff to proceed *in forma pauperis* (DE 11), GRANTS the Plaintiff's motion in opposition to the Defendant's motion to reconsider his *pauper* status (DE 22), GRANTS the Plaintiff's motion to lift the stay entered in this case (DE 25), and LIFTS the stay entered in this case.

SO ORDERED.

DATED: May 4, 2011

                                             s/William C. Lee  
                                             William C. Lee, Judge  
                                             United States District Court